IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 4:CR-07-389 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| EARL SAMPSON, LEANIKA Z. JOHNSON, SEAN BEST, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

March 31, 2008

**BACKGROUND:**

On September 27, 2008, a grand jury sitting in the Middle District of Pennsylvania returned an indictment charging defendants Earl Sampson, Leanika Z. Johnson, and Sean Best, along with several other codefendants, with various drug trafficking offenses. All three have pled not guilty to the charges.

On January 8, 2008, Sampson filed a "Motion to Suppress Evidence and for Return of Property." (Rec. Doc. No. 302.) On February 5, 2008, Johnson filed a "Motion to Suppress Evidence." (Rec. Doc. No. 338.) On February 6, 2007, Best filed a motion to join in defendant Johnson's motion to suppress. (Rec. Doc. No. 339.)

Opposing and reply briefs have filed for both motions and they are ripe for disposition. Because both motions raise substantially similar issues and because the challenged search warrants rely on the same affidavit, we will analyze the motions together. For the following reasons, we will deny both motions.

**STATEMENT OF FACTS:**

On October 1, 2007, a search warrant was obtained for 725 High Street, Williamsport, Pennsylvania. On October 3, 2007, a search warrant was obtained for 608 McMinn Avenue, Williamsport, Pennsylvania. The affidavits in support of probable cause for each of these warrants are substantially the same, aside from the fact that the affidavit for 608 McMinn Avenue contains three additional paragraphs pertaining specifically to that residence (Rec. Doc. No. 338-2, ¶¶ 38-40.) In the search warrant affidavit, the affiant relied on the information of five confidential informants. (Id. ¶ 9.) The affiant states that he is familiar with all five confidential informants and that "[a]ll five confidential informants have provided information in the past that has proved reliable and has been corroborated by independent sources." (Id.)

The affidavit further states that 723 High Street and 725 High Street are a duplex. (Id. ¶ 18.) On March 23, 2007, Confidential Informant # 2 purchased

cocaine from Leanika Johnson at 723 High Street. (Id. ¶ 19.) On April 11, 2007, Confidential Informant # 1 conducted a "controlled purchase" of crack cocaine from Leanika Johnson and Sean Best at 723 High Street. (Id. ¶ 20.) On May 9 and 23, 2007, Confidential Informant # 5 purchased crack cocaine from a codefendant at 725 High Street. (Id. ¶¶ 21-22.) On May 31, 2007, Confidential Informant # 2 purchased crack cocaine from a codefendant and Earl Sampson at 725 High Street. (Id. ¶ 23.) On August 1, 2007, Confidential Informant # 4 purchased crack cocaine from defendant Sampson and a codefendant at 725 High Street. (Id. ¶ 24.) Furthermore, Confidential Informants # 1-4 stated that the occupants of 723 and 725 High Street have created a passageway in the attic of the two units in order to provide easy access to drugs on either side of the complex. (Id. ¶ 28.) Furthermore, the informants stated that defendant Sampson resides at 725 High Street. (Id. ¶ 30.)

The affidavit further states that 608 McMinn Avenue is the residence of Leanika Johnson and Sean Best. (Rec. Doc. No. 338-2, ¶ 38.) It states that on October 3, 2007, Confidential Informant # 4 stated that on September 30, 2007, Best traveled to Philadelphia to obtain cocaine. (Id. ¶ 40.) Finally, it states that Best returned to Williamsport on October 1, 2007 and was storing the cocaine at 608 McMinn Avenue. (Id.)

On October 2, 2008, the search warrant was executed at 725 High Street.

According to an inventory of the search, officers recovered $538.00 in cash, two papers regarding debt obligations, a television, computer hard drive, and a cellular telephone.  Furthermore, Sampson alleges that other items were seized but not inventoried, such as a gold necklace, a vehicle, and stereo equipment. (Rec. Doc. No. 292, at 2.)  Sampson also alleges that he was not provided with a copy of the search warrant at the time of the search. (Rec. Doc. No. 292, at 6.)  The search warrant for 608 McMinn Avenue was also executed on October 3, 2008, resulting in the seizure of substances alleged to be crack cocaine and cocaine, a scale, as well as various documents. (Rec. Doc. No. 338-4.)

**DISCUSSION:**

As we mentioned, both defendants raise substantially the same challenge to the search warrants.  Specifically, they both take issue with the single statement of the affiant that the confidential informants had provided reliable information in the past and argue that this is insufficient to establish the reliability of the information provided by informants. (Rec. Doc. No. 292, at 3-4; Rec. Doc. No. 343, at 6-10.)  Additionally, defendant Johnson argues that the affidavit was based on stale information. (Rec. Doc. No. 343, at 5.)  Finally, defendant Sampson argues that the information should be suppressed because he was not provided with a copy of the

search warrant at the time of the search.  (Rec. Doc. No. 292, at 6.)

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  Additionally, the Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized."

After the fact scrutiny by courts of the sufficiency of an affidavit in support of probable cause does not take the form of a de novo review.  Illinois v. Gates, 462 U.S. 213, 236 (1983).  Rather, an issuing authority's determination of probable cause "should be paid great deference by reviewing courts.  Id. (citing Spinelli v. United States, 393 U.S. 410, 419 (1969)).  "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."  Id. at 238.  The duty of the reviewing court is to ensure that the issuing authority had a substantial basis for concluding that probable cause existed.  Id. at 238-39 (citation omitted).

We first turn our consideration to the primary argument raised by both

defendants: that the warrant did not contain sufficient information concerning the reliability of the confidential informants. While the affidavit does contain a single statement that says that the affiant is familiar with each confidential informant and that each has provided reliable information in the past, this is not the only evidence of reliability contained in the affidavit. Both defendants fail to address the fact that controlled purchases were made by the confidential informants. (Rec. Doc. No. 33-2, ¶¶ 11, 12, 20.) In fact, in United States v. King, the Third Circuit concluded that a controlled purchase corroborated a confidential informant's information. 182 Fed. Appx. 88, 90-91 (3d Cir. 2006). Similarly, in United States v. Khounsavanh, the First Circuit held that an informant who alleges that drugs are being sold in a particular location and makes a controlled purchase at that location corroborates the very criminal activity claimed. United States v. Khounsavanh, 113 F.3d 279, 286 (1st Cir. 1997).

In the instant case, Confidential Informant # 1 was one of the informants who stated that all of the occupants of 723 and 725 High Street are drug users and/or dealers. (Rec. Doc. No. 338-2, ¶ 18.) Therefore, when he or she made a controlled purchase of 3.4 grams of cocaine base from defendants Johnson and Best at 723 High Street (Id. ¶ 20), this corroborated the previous statement regarding drug activity at those addresses. Similarly, the affidavit recounts various other purchases

at 723 and 725 High Street, and although not specifically described as "controlled purchases," they nevertheless resulted in field tests, which implies that law enforcement was involved in the purchase to some extent. (Id. ¶¶ 19, 21-24.)

Additionally, when Confidential Informant # 1 made a controlled purchase at 723 High Street from defendants Johnson and Best, this corroborated other confidential informants' statements regarding criminal activity at those addresses or by those individuals. Thus, Confidential Informant # 4's statements regarding Best and Johnson's activity at 608 McMinn Avenue are corroborated by Confidential Informant # 1's purchase from those individuals.

Furthermore, we will reject defendant Johnson's argument that the information relied upon for the search warrant for 608 McMinn Avenue was stale. The search warrant for 608 McMinn Avenue was issued on October 3, 2007. Although the affidavit partially relies on the purchases made from defendants Johnson and Best at 723 High Street on March 23 and April 11, 2007 (Rec. Doc. No. 338-2, ¶ 39), it also relies on Confidential Informant # 4's statement that defendant Best traveled to Philadelphia on September 30, 2007 to obtain cocaine and returned to Williamsport on October 1, and was storing the cocaine at 608 McMinn Avenue. (Id. ¶ 40.) This information was only two days old and therefore obviously not stale. Furthermore, the affidavit states that numerous other

confidential informants made purchases at 725 High Street as late as August 1, 2007 and that 723 and 725 High Street are connected by a passageway in the attic. (Id. ¶¶ 21-24, 28.) This also tends to show that defendants Johnson and Best, who allegedly sold drugs at 723 High Street, were still involved in criminal activity. Therefore, we will reject this argument.

Therefore, we conclude that the issuing authority had a substantial basis for concluding that there was a fair probability that contraband or evidence of a crime will be found at 725 High Street and 608 McMinn Avenue. In fact, we will go one step further and state that if the instant application for a search warrant had been before us, we also would have concluded that there was a fair probability that contraband or evidence would have been found at those addresses and would have authorized the warrant. Furthermore, we note that even if defendants were able to convince us that the warrant was lacking in probable cause and that the issuing authority did not have a substantial basis for concluding that probable cause existed, we see no reason why the good faith exception to the exclusionary rule would not preclude us from denying defendants' motions. United States v. Leon, 468 U.S. 897, 922-25 (1984).

Finally, we will reject defendant Sampson's argument that because he was allegedly not provided with a copy of the search warrant at the time of the search,

this requires that the evidence seized during that search be suppressed. Rule 41(f)(1)(C) of the Federal Rules of Criminal Procedure states that "[t]he officer executing the warrant must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place where the officer took the property." Even if law enforcement failed to provide defendant Sampson with a copy of the search warrant, which we note that the government does not concede occurred, we nevertheless do not believe that this warrants suppression of the evidence seized. Noncompliance with a Rule 41 requirement, as opposed to a constitutional violation, requires suppression only upon a showing of prejudice or an intentional and deliberate disregard of the rule. United States v. Simons, 206 F.3d 392, 403 (4th Cir. 2000); United States v. Gerald, 5 F.3d 563, 566-67 (D.C. Cir. 1993); United States v. Loyd, 721 F.2d 331, 333 (11th Cir. 1983). Defendant Sampson does not and likely cannot argue any prejudice from any alleged failure to provide a copy of the search warrant. Similarly, we note that defendant does not allege that any alleged failure to provide a copy of the search warrant was intentional and deliberate. Furthermore, we note that that the court has a copy of the receipt provided for the items seized, which we believe evidences that this rule was not intentionally and deliberately disregarded even if law enforcement did in

fact fail to provide Sampson with a copy of the warrant.  Therefore, we will reject this argument.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant Sampson's "Motion to Suppress Evidence and for Return of Property" is DENIED.  (Rec. Doc. No. 302).

2. Defendant Johnson's motion to suppress is DENIED.  (Rec. Doc. No. 338.)  To the extent that defendant Best has joined in this motion, his motion is denied as well. (Rec. Doc. No. 339.)


    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge