IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 4:CR-07-389 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| SEAN BEST, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

October 22, 2008

**BACKGROUND:**

On September 27, 2008, a grand jury sitting in the Middle District of Pennsylvania returned an indictment charging defendant Sean Best, along with several other codefendants, with various drug trafficking offenses. Best pled not guilty to the charges.

On May 30, 2008, Best filed a "Motion to Suppress Evidence." (Rec. Doc. No. 411). The government filed an opposing brief on June 17, 2008. Best did not file a reply brief. On October 22, 2008, a suppression hearing regarding this matter was concluded. This motion is ripe for disposition.

For the following reasons, we will deny Best's motion.

**STATEMENT OF FACTS:**

On October 2, 2007, Best and codefendant Leanika Johnson were arrested pursuant to valid arrest warrants issued on multiple drug trafficking charges at their residence, 608 McMinn Avenue, Williamsport, Pennsylvania. The arrest was precipitated by DEA Special Agents led by Special Agent Timothy Crowley, Pennsylvania State Police, including Trooper Tyson Havens, Corporal James Warner and Sergeant Joseph Tripp, and Williamsport Police, including Corporal Gary Whitman, after children inside the house indicated that Johnson and Best were at home. Testimony proffered by these law enforcement officers indicates that, at the time of their arrests, Johnson and Best refused to consent to a search of the residence. Once Best and Johnson were in custody, a protective sweep of the premises, limited to the areas where an individual may conceal him or her self, was conducted.

On October 3, 2007, a valid search warrant for 608 McMinn Avenue was obtained from United States District Judge Malcolm Muir. The premises was searched on October 3, 2007. A drug detection dog participated in the search. The dog alerted on the toilet. Inside the toilet tank law enforcement officers discovered a bag containing two bags of crack cocaine. Additional drug paraphernalia, including a scale and miscellaneous documents, were also recovered from the

residence.

**DISCUSSION:**

In his motion to suppress, Best argues that the evidence seized from his residence was seized on October 2, 2007, without his consent and without a search warrant in violation of the Fourth Amendment and that, as a result, the search was unreasonable and the evidence should be suppressed. The government, on the other hand, contends that the law enforcement officers did not search 608 McMinn Avenue on October 2, 2007, the date Best and Johnson were arrested. Instead, the government argues that the premises was searched and evidence seized on October 3, 2007, pursuant to a valid search warrant.[1]

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." It protects people, not places. Katz v. United States, 389 U.S. 347, 351 (1967). A defendant may assert a Fourth Amendment claim only if he or she has a legitimate expectation of privacy in the thing that was searched. Rakas v. Illinois, 439 U.S. 128, 143 (1978). Thus, a defendant must have a subjective expectation of

---

[1] We find that it is unnecessary to discuss the search warrant because Defendant Best has not challenged its validity. However, we acknowledge that it was validly issued pursuant to probable cause.

privacy and that expectation must be one that society is prepared to recognize as reasonable. Katz, 389 U.S. at 361 (Harlan, J., concurring).

The Supreme Court has long held that individuals have legitimate expectations of privacy in their homes. See Silverman v. United States, 365 U.S. 505, 511 (1961) ("At the very core [of the Fourth Amendment] stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion"). Absent consent or exigent circumstances, warrantless searches and seizures of a home generally violate the Fourth Amendment. See Steagald v. United States, 451 U.S. 204, 211-212 (1981) (citing Payton v. New York, 445 U.S. 573 (1980); Johnson v. United States, 333 U.S. 10, 13-15 (1948)).

However, under the arrest warrant exception, law enforcement officers possessing an arrest warrant and probable cause to believe that the person to be arrested is in his or her home are entitled to enter the home and search anywhere in the residence where the individual may be found. Maryland v. Buie, 494 U.S. 325, 332-33 (1990); Chimel v. California, 395 U.S. 752, 762 (1969). Once the target individual is located, a search incident to arrest may not extend beyond the immediate area from which the individual in custody might have obtained a weapon. Chimel, 395 U.S. at 762-63. Nevertheless, the police may, as a precautionary measure and without a search warrant, conduct a protective sweep of

the residence, before or after the targeted individuals are arrested, if they possess "'a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warranted [law enforcement officers] in believing' that the area[s] swept harbored . . . individual[s] posing a danger to the officer or others." Buie, 494 U.S. at 327 (quoting Michigan v. Long, 463 U.S. 1032, 1049-50 (1983)). The sweep must be "narrowly confined to a cursory visual inspection of those places in which a person might be hiding" Id.

     Reviewing the protective sweep in the case at bar under these standards, we find that it did not violate the Fourth Amendment. The law enforcement officers who conducted the sweep indicated that Best's residence was a well-known drug trafficking center. Moreover, Johnson and Best were not the only individuals present when the arrest warrants were served. We understand the dangers that could reasonably await law enforcement officers at such a location and find that the protective sweep of Best's residence, immediately following the arrests, was permissible under the circumstances. Further, because the defendant has failed to contradict the government's evidence which demonstrates that the officers seized no evidence and conducted only a cursory sweep of the premises on October 2, 2007, we hold that the Fourth Amendment was not violated.

Therefore, the only search of the defendant's residence was conducted on October 3, 2007. We further conclude that the October 3, 2007 search, conducted pursuant to a valid search warrant, was legitimate and all relevant evidence discovered therein admissible.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

Defendant Best's "Motion to Suppress Evidence" is DENIED. (Rec. Doc. No. 411).

      s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge