IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 4:07-CR-389-14 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| THURMAN H. SMITH, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

March 4, 2009

**BACKGROUND:**

On August 14, 2008, a grand jury sitting in the Middle District of

Pennsylvania returned a third superseding indictment which charged Smith, along

with eighteen co-defendants, with conspiracy to distribute a controlled substance

and possession with intent to distribute a controlled substance within 1000 feet of a

playground, all in violation of 21 U.S.C. §§ 841, 846, and 860.   (Rec. Doc. No.

435).

On September 3, 2008, Smith was arraigned and entered a plea of not guilty.

On December 8, 2008, Smith filed the following motions: Motion for Bill of

Particulars (Rec. Doc. No. 617), Motion for the Production of Evidence Under the

Brady Doctrine (Rec. Doc. No. 618), Motion for Disclosure Pursuant to FRE

1

404(b) and 609 (Rec. Doc. No. 619), Motion for Disclosure Pursuant to FRE 807

(Rec. Doc. No. 620), Motion for Discovery Pursuant to FRCP 16 (Rec. Doc. No.

621), Motion for Early Disclosure of Statements (Rec. Doc. No. 622), Motion for

Grand Jury Transcripts (Rec. Doc. No. 624), and Motion for Pre-Trial Hearing to

Determine Existence of Conspiracy (Rec. Doc. No. 625).  Smith filed a brief in

support of the eight motions on December 11, 2008.  (Rec. Doc. No. 629).[1]  The

Government filed opposition briefs on February 9, 2009.  Defendant did not reply.

These motions are now ripe for disposition.

For the following reasons we will deny defendant's Motion for a Bill of

Particulars, Motion for the Production of Evidence Under the <u>Brady</u> Doctrine,

Motion for Disclosure Pursuant to FRE 404(b) and 609, Motion for Discovery

Pursuant to FRCP 16, Motion for Early Disclosure of Statements, Motion for

Grand Jury Transcripts and Motion for Pre-Trial Hearing to Determine Existence

of Conspiracy.  We will also direct the Government to provide notice to Defendant

under Rule 807 of the Federal Rules of Evidence at least 10 days before the start of

the evidentiary phase of the trial.

---

[1]In the future, counsel should pay deference to local rule 7.8(a), which requires a separate brief to be filed for each pretrial motion.

**DISCUSSION:**

### 1. Motion for Bill of Particulars

Federal Rule of Criminal Procedure 7(f) provides:

> Bill of Particulars.  The court may direct the government to file a bill
> of particulars.  The defendant may move for a bill of particulars before
> or within 10 days after arraignment or at a later time if the court
> permits.  The government may amend a bill of particulars subject to
> such conditions as justices requires.

"'The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him [so that he may] adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense.'" United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971) (quoting United States v. Tucker, 262 F. Supp. 305, 308 (S.D.N.Y. 1966)).  A defendant has no right to a bill of particulars.  United States v. O'Driscoll, 203 F. Supp. 2d 334, 348 (M.D. Pa. 2002).  Granting a motion for a bill of particulars lies within the court's discretion.  United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975).

A motion for a bill of particulars should be granted if the government's

failure to allege factual or legal information in the indictment "significantly

impairs the defendant's ability to prepare his defense or is likely to lead to

prejudicial surprise at trial." United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir.

1989).  Because a bill of particulars defines and limits the government's case, the

court must weigh the "defendant's interest in securing information" against the

"government's interest in not committing itself to facts before it is in a position to

do so."  United States v. Serafini, 7 F. Supp. 2d 529, 547 & n.13 (M.D. Pa. 1998).

In his motion for a bill of particulars, Smith sets forth numerous requests for

information regarding the crimes charged in the indictment.  His requests are as

follows:

I.      Count 1

1.      Count 1 of the Third Superceding Indictment
        charges that the acts alleged occurred in Lycoming
        County, and elsewhere in the Middle District of
        Pennsylvania within the jurisdiction of this Court
        and elsewhere.  Specify each location where the
        conduct charged in Count I occurred, including the
        Municipality, the County and the State.

2.      Identify all of the persons with whom the
        Defendant, Thurman H. Smith, allegedly
        conspired, including those person referenced in the
        Third Superceding Indictment as "other persons
        both known and unknown to the Grand Jury".

3.      Identify each person with whom the Defendant,
        Thurman H. Smith, allegedly distributed crack

4

cocaine, including the amount of crack cocaine distributed, the location where the distribution was made, the date the distribution was made, and the identity of each and every person present when the distribution was made.

4.   Specify the names of each and every individual with whom Thurman H. Smith allegedly conspired, including unindicted con-conspirators, and indicate as precisely as possible the date or dates upon which Thurman H. Smith and each such individual became co-conspirators.

5.   If any of Thurman H. Smith's alleged co conspirators withdrew from the alleged conspiracy, indicate the name of the individual, the date upon which he or she withdrew, and the manner in which he or she withdrew.

6.   Specify all overt acts committed in furtherance of the conspiracy, and no named in the Third Superceding Indictment, which the Government intends to offer evidence at Trial, including the nature of the act, the time, date and place of the act, and the names and addresses of all persons who participated in or were present during the act, and specify the conduct of each participating individual.

7.   Specify each act performed by the Defendant, Thurman H. Smith, in furtherance of or contributing to the conspiracy, concerning which the Government intends to offer evidence at Trial, including the nature of the act, the time, date and place of the act, and the name and address of each person participating in or present during the act.

8.   Count 1 charges that the conspiracy commenced in

or about the first day of January, 1996, up to and including the date of the Indictment (e.g., August 14, 2008) - a time frame of more than 12 years. Specify the earliest date known to the Government when this alleged conspiracy was in existence, and specify the act or occurrence of that date which evidenced the existence of the conspiracy.

9.      Specify what overt acts committed in furtherance of the conspiracy occurred between January 1, 1996 and August 14, 2008.

10.     Specify whether it is the position of the Government that the alleged conspiracy continued beyond August 14, 2008, and, if so, what date the conspiracy ended and/or whether the conspiracy allegedly continues to the present time.

II.     Count 26

11.     Count 26 of the Third Superceding Indictment charges that "on or about the 24th day of July, 2007, in Lycoming County, Pennsylvania, and within the jurisdiction of this Court the Defendant, Thurman H. Smith, did knowingly, intentionally and unlawfully possess with intent to distribute and did distribute cocaine base known as crack, a schedule II controlled substance, within 1,000 feet of playground". Specify each place in Lycoming County, the quantity of the crack cocaine allegedly distributed, the name and address of the playground referenced, and the distance between the playground referenced and the location(s) where the distribution of crack allegedly occurred on July 24, 2007.

12.     Identify all individuals present during the alleged distribution of crack cocaine on July 24, 2007.

(Rec. Doc. No. 617, p.3-4).

Thus, defendant's motion essentially requests evidence that can be divided into two overlapping categories:  (1) requests for more specific information regarding the crimes with which he is charged and (2) requests for the identities of the government's witnesses, informants, and unindicted accomplices.

We believe that defendant is not entitled to such information through the use of a bill of particulars.  As we noted, the purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him so that he may adequately prepare his defense, avoid surprise at trial, and to protect him against a second prosecution for the same offense.  Addonizio, 451 F.2d at 63-64 (citations omitted).  Its purpose is not to enable the defendant to obtain a wholesale discovery of the government's evidence nor a list of the government's prospective witnesses.  Id. at 64 (citations omitted).  In the instant case, the superceding indictment sufficiently apprises Smith of the charges against him, the time frame of the alleged crimes, as well as the manner and means in which those crimes were committed.  Therefore, we find that the superceding indictment is sufficient to allow defendant to adequately prepare his defense, avoid surprise at trial, and protect him against a second prosecution for the same conduct.  Furthermore, we note that requiring the government to indicate the exact dates, times, locations, and methods of the alleged crimes, as the defendant requests, would unfairly define and

7

limit the government's case due to the fact that the evidence at trial must conform

to the allegations in a bill of particulars.   Therefore, we find that defendant is not

entitled to a bill of particulars and will deny his motion.


    2.   <u>Motion for the Production of Evidence Under the Brady Doctrine</u>

    Under Federal Rule of Criminal Procedure 16, the government must first

deny the defendant's request to produce evidence before the defendant may burden

the court with a motion related thereto.  Smith has not demonstrated that the

government has refused to produce any requested material, that such material

exists or that the government is refusing to participate in discovery.  Defendant

may not circumvent Federal Rule of Criminal Procedure 16 by motioning the court

to order the government to turn over certain materials without submitting an initial

request directly to the government.  Therefore, we will deny defendant's "Motion

for the Production of Evidence Under the <u>Brady</u> Doctrine."  (Rec. Doc. No. 618).

We also note that this motion was denied once before, in our Order dated January

30, 2008.  (Rec. Doc. No. 330, pp. 6-7).  We stand by our previous ruling and are

confident that the Government has complied with its obligations under Brady to

this point and are satisfied Government counsel recognizes his continuing

obligations to disclose <u>Brady</u> material to defense counsel.

### 3.  Motion for Disclosure Pursuant to FRE 404(b) and 609

Defendant's third request is pretrial notice of the Government's intention to introduce evidence of any other crimes, wrongs or acts under Rule 404(b) of the Federal Rules of Evidence and introduce evidence of prior convictions for impeachment purposes under Rule 609 against any defendant.  (Rec. Doc. No. 619).

First, Smith's motion is over-inclusive.  If he were entitled to anything, he would only be entitled to notice regarding his previous acts, crimes, wrongs and convictions, not another defendant's.  Moreover, Smith's 404(b) motion was previously addressed, see (Rec. Doc. No. 330, pp. 4-5), and Smith was notified that the Government intends to use all prior convictions at trial, pursuant to Rule 404(b), (Rec. Doc. No. 687, p. 5; Rec. Doc. No. 285, p. 3), and Rule 609.  (Rec. Doc. No. 687, p. 5).  Therefore, we will deny defendant's motion.

### 4.  Motion for Disclosure Pursuant to FRE 807

Smith next requests that the Government provide notice of the Government's intention to use at trial any hearsay statements as an exception to the

hearsay rule under Rule 807 of the Federal Rules of Evidence. (Rec. Doc. No. 620).  This motion was previously addressed.  <u>See</u> (Rec. Doc. No. 330, p. 3-4). Once again, the government notes that it "has not determined if there is any evidence that falls under [this] rule or whether it will offer any evidence that falls under [this] rule."  (Rec. Doc. 685, p. 4).  Therefore, we will reiterate our order of January 30, 2008, and "direct the Government to provide notice to Smith under Rule 807 at least 10 days before the start of the evidentiary phase of the trial," if applicable.  (Rec. Doc. No. 330, p. 4).

### 5.  <u>Motion for Discovery Pursuant to FRCP 16</u>

With respect to Smith's request for discovery under Federal Rule of Criminal Procedure 16, defendant demands that the Government: (1) submit all written or recorded statements made by Thurman H. Smith; (2) provide a copy of defendant's criminal record; (3) permit the defendant to inspect and record documents and tangible objects; (4) permit defendant to inspect and copy reports of examinations and tests; (5) disclose a written summary of expert testimony; and (6) submit all written or recorded statements made by co-defendants and/or co-conspirators.  (Rec. Doc. No. 621).

The government has already provided Smith with all of the statements to

which he is entitled.  With the exception of those statements Smith made to law

enforcement officers, which have already been disclosed, Smith is presently not

entitled to disclosure of statements made to or by potential government witnesses,

United States v. Mitchell, 540 F.2d 1162, 1166 (3d Cir. 1976, cert. denied, 429 U.S.

1099 (1977); United States v. Addonizio, 451 F.2d 49, 62 (3d Cir. 1971), cert.

denied, 405 U.S. 936 (1972); see Fed. R. Crim. P. 16, or non-law enforcement

officers, United States v. Zarattini, 552 F.2d 753 (7th Cir. 1977), cert. denied, 431

U.S. 942 (1977); see Fed. R. Crim. P. 16.  This is so even where the third-party

conversation was overheard by a government agent unknown to the defendant.

United States v. Viserto, 596 F.2d 531 (2d Cir. ), cert. denied, 444 U.S. 841 (1979);

see Fed. R. Crim. P. 16.

Although any statement made by a co-conspirator, or other Government

witness, must be provided to the defendant pursuant to the Jencks Act, 18 U.S.C. §

3500, and Rule 26.2 of the Federal Rules of Criminal Procedure, we cannot compel

the government to turn over such statements before the witness actually testifies at

trial.  See United States v. Murphy, 569 F.2d 771, 773-74 (3d Cir. 1978), cert.

denied, 435 U.S. 955 (1978); see also Palermo v. United States, 360 U.S. 342, 249

(1959); United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972), cert. denied,

409 U.S. 914 (1972).

Additionally, the Government has already provided the defendant with his prior record, <u>see</u> (Rec. Doc. No. 681-1), the opportunity to review document and tangible objects, <u>see</u> (Rec. Doc. No. 681-2), and any laboratory test reports connected with this case.  (Rec. Doc. No. 681, p. 6).  Pursuant to Rule 16(a)(1)(6) of the Federal Rules of Criminal Procedure, Smith is entitled to a written summary of the Government's expert witnesses prior to trial.  However, there is no indication that the Government has denied a defendant request for this information and, as aforementioned, the defendant may not circumvent Rule 16 by motioning the court for this information first.

Therefore, we will deny defendant's motion for discovery pursuant to Federal Rule of Criminal Procedure 16.


## 6.  Motion for Early Disclosure of Statements

Smith also requests the court order early disclosure of <u>Jencks</u> material pursuant to 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2.  (Rec. Doc. No. 622).  As we discussed, the court may not order pretrial disclosure of these materials.  <u>See</u> <u>United States v. Murphy</u>, 569 F.2d 771, 773-74 (3d Cir. 1978), <u>cert</u>. <u>denied</u>, 435 U.S. 955 (1978); <u>see</u> <u>also</u> <u>Palermo v. United States</u>, 360 U.S. 342, 249 (1959); <u>United States v. Kenny</u>, 462 F.2d 1205, 1212 (3d Cir. 1972), <u>cert</u>.

denied, 409 U.S. 914 (1972).  Therefore, we will deny defendant's motion for early disclosure of statements.

### 7.  Motion for Grand Jury Transcripts

Smith also moves for pretrial disclosure of the Grand Jury transcripts pursuant to Federal Rule of Criminal Procedure 6(e)(3)(C)(ii), a rule that does not exist.  If the defendant meant to reference Rule 6(e)(3)(E)(ii), which states that "[a]n attorney for the government may disclose any grand jury matter to another federal grand jury," the disclosure of grand jury transcripts to the defendant would still be impermissible unless the defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Generally, grand juries are secret, see Fed. R. Crim. P. 16(e), and the defendant has made no showing to overcome that presumption.

Furthermore, a court may not "launch into an adversary excursion into the grand jury proceeding which returned an indictment," unless the party challenging that proceeding carries the "heavy burden" of demonstrating a "particularized need" for disclosure.  Pittsburgh Plate Glass Co. V. United States, 360 U.S. 295, 299-400 (1959); United States v. Procter & Gamble Co., 356 U.S. 677, 683 (1958).  The defendant has not alleged or demonstrated any "particularized need."

As a result, we will deny defendant's motion for grand jury transcripts.


    8.  <u>Motion for Pre-Trial Hearing to Determine Existence of Conspiracy</u>

Defendant moves this court to hold a hearing to determine the existence of a conspiracy.  (Rec. Doc. No. 629).  The true motivation for this motion appears to be determining the preliminary admissibility of the alleged co-conspirator's declarations.  <u>See</u> (<u>id.</u>, p. 24).  Under Federal Rule of Evidence 801(d)(2)(3), extra-judicial statements of co-conspirators in furtherance of the conspiracy are admissible.  However, Rule 104 stipulates that the admissibility of a co-conspirator's declarations must be established preliminarily.  This preliminary determination requires that the Government demonstrate by a preponderance of the evidence that: (a) there was a conspiracy involving the declarant and (b) the statements were made in furtherance of the conspiracy.  <u>Bourjaily v. United States</u>, 483 U.S. 171, 175 (1987).

However, Smith fails to reference any binding precedent requiring us to hold a pretrial hearing in order to determine this matter.  Additionally, it is commonplace to admit statements made by co-conspirators subject to later connection to a conspiracy.  <u>E.g.</u>, <u>United States v. Gambino</u>, 926 F.2d 1355, 1360-61 (3d Cir. 1991), <u>cert. denied</u>, 502 U.S. 956 (1991).  Therefore, because we find it more

efficient and proper to determine the admissibility of co-conspirators' statements

during trial and because "'the control of the order of proof at trial is a matter

committed to the discretion of the trial judge,'" Id. (quoting United States v.

Continental Group, Inc., 603 F.2d 444, 456 (3d Cir. 1979), cert. denied, 444 U.S.

1032 (1980)), we will deny defendant's motion.  However, should the Government

wish to introduce statements of this nature at trial, it may be necessary to hold a

hearing out of the jury's presence to determine admissibility at that time.


**NOW, THEREFORE, IT IS ORDERED THAT:**

1.     Defendant's Motion for a Bill of Particulars is DENIED.  (Rec. Doc.
       No. 617).

2.     Defendant's  Motion for the Production of Evidence Under the Brady
       Doctrine is DENIED.  (Rec. Doc. No. 618).

3.     Defendant's  Motion for Disclosure Pursuant to FRE 404(b) and 609 is
       DENIED.  (Rec. Doc. No. 619).

4.     Defendant's Motion for Disclosure Pursuant to FRE 807 (Rec. Doc.
       No. 620) is GRANTED to the extent of the relief herein provided.  The
       Government shall provide notice to Defendant under Rule 807 of the
       Federal Rules of Evidence at least 10 days before the start of the

evidentiary phase of the trial.

5.      Defendant's  Motion for Discovery Pursuant to FRCP 16 is DENIED.

        (Rec. Doc. No. 621).

6.      Defendant's  Motion for Early Disclosure of Statements is DENIED.

        (Rec. Doc. No. 622).

7.      Defendant's  Motion for Grand Jury Transcripts is DENIED.  (Rec.

        Doc. No. 624).

8.      Defendant's  Motion for Pre-Trial Hearing to Determine Existence of

        Conspiracy is DENIED.  (Rec. Doc. No. 625).

9.      This order is also applicable to Defendants Taurance Johnson and Sean

        Best to the extent that Johnson and Best joined defendant's motions.

10.     Government's Motion for Extension of Time is Granted.  (Rec. Doc.

        No. 675).

                              s/ James F. McClure, Jr.
                              James F. McClure, Jr.
                              United States District Judge